UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAMAR EDWARDS,

                    Petitioner,        <u>MEMORANDUM & ORDER</u>
                                        11-CV-3902 (JS)
          -against-

WARDEN H.L. HUFFORD, D.A. STATE
OF NEW YORK,

                    Respondents.
----------------------------------X
APPEARANCES:
For Petitioner:      Lamar Edwards, <u>Pro</u> <u>Se</u>
                     48209-053
                     Schuylkill Federal Correctional Institution
                     P.O. Box 759
                     Minersville, PA 17954

For Respondents:     No appearances

SEYBERT, District Judge:

          Petitioner Lamar Edwards, appearing <u>pro</u> <u>se</u>, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Rule 4

of the Rules Governing Section 2254 Cases, the Court has conducted

an initial consideration of this Petition and, for the reasons set

forth below, has determined that the Petition appears to be time-

barred by the one-year statute of limitations under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The Court directs Petitioner to show cause within thirty (30) days

of the entry of this Memorandum and Order why the petition should

not be dismissed as time-barred.

<u>BACKGROUND</u>

          Petitioner was convicted on March 21, 1990 in the Supreme

Court of the State of New York, Nassau County, of one felony count of Criminal Sale of a Controlled Substance in the third degree, and he was sentenced to three to six years imprisonment.[1]  Petition at ¶¶ 1-4.   Petitioner alleges that he never appealed his 1990 conviction or sentence, but, rather, filed a writ of error coram nobis with the state court that was denied by Order dated October 21, 2010.  Petition at ¶ 13.  Absent from the Petition is the date that Petitioner filed his writ of error corum nobis.  Petitioner appealed the denial of his writ of error corum nobis and, by Decision and Order dated March 4, 2011, the Appellate Division, Second Department dismissed the appeal.   The instant petition followed.[2]   Petitioner filed the Petition in the United States District Court for the Eastern District of Pennsylvania on July 25, 2011 and the Petition was transferred to this Court by Order dated July 28, 2011.  See Order, dated July 28, 2011, Rambo, D.J.

## DISCUSSION

With the passage of the Antiterrorism and Effective Death

---

[1] Petitioner appears to have been convicted in an unrelated criminal matter in federal court and was sentenced to another, unspecified term of imprisonment.   Petition at ¶ 11(7)(d). Petitioner claims that the 2007 sentenced was enhanced due to the 1990 alleged unlawful conviction.   Id.

[2] The Court notes that Petitioner includes with his submission a separate "Motion Pursuant to the All Writs Act, 28 U.S.C. § 1615." Upon review, the Court finds that it is the support for the § 2254 petition and the Court will construe it as such should petitioner establish that his Petition is timely filed.

Penalty Act of 1996 ("AEDPA"), Congress set a one-year statute of

limitations for the filing of a petition for a writ of habeas

corpus by a person in custody pursuant to a state court conviction.

28 U.S.C. § 2244(d)(1). The one-year period runs from the date on

which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such state action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[3] the instant

petition appears untimely. Petitioner's conviction became final on

or about June 21, 1991, upon expiration of the 90-day period for

seeking a writ of certiorari. Saunders v. Senkowski, 587 F.3d 543,

549-49 (2d Cir. 2009); Williams v. Artuz, 237 F.3d 147, 150-51 (2d

Cir. 2001). Prisoners like Edwards, whose convictions became final

prior to the AEDPA's effective date of April 24, 1996, have a one-

---

[3] Petitioner does not state any facts to conclude that subsections
(B)-(D) are applicable.

year grace period in which to file their habeas corpus petitions, or until April 24, 1997. <u>Smith v. McGinnis</u>, 208 F.3d 15 (2d Cir. 2000) (<u>per</u> <u>curiam</u>) (citing <u>Ross v. Artuz</u>, 150 F.3d 97, 100-03 (2d Cir. 1998)). Instead, this petition dated July 22, 2011, was filed some fourteen years after the grace period had already expired. Therefore, unless the petitioner can show that the statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

I.   <u>Tolling</u>

     A.   <u>Statutory Tolling</u>

          In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2d Cir. 2000) (<u>per</u> <u>curiam</u>). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." <u>Bennett v. Artuz</u>, 199 F.3d 116, 120 (2d Cir. 1999); <u>see</u> <u>also</u> <u>Carey</u> <u>v. Saffold</u>, 536 U.S. 214, 219-21 (2002).

Here, Petitioner filed a Petition for an writ of error coram nobis that was denied on October 21, 2010, see People v. Edwards, Peck, J., annexed to the Petition at pages 47-48 (Nassau County Court 2010).  Petitioner does not provide the date he filed the petition for a writ of error corum nobis in state court.  The Court, therefore, cannot determine how much, if any, tolling is available based on the writ of error corum nobis.

B.  Equitable Tolling

The limitations period may also be equitably tolled. Holland v. Florida, __U.S.__, 130 S. Ct. 2549, 2560 (June 14, 2010); Smith, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). Given Petitioner's pro se status, the Court provides him an opportunity to demonstrate whether equitable tolling should apply to this Petition.  Petitioner is advised, however, that ignorance of the law is not sufficient to warrant equitable tolling.  Lizaide v. Kirkpatrick, No. 09-CV-5038, 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) (citing Worsham v. West, No. 05-CV-0530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.")); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal

procedure is not so exceptional as to merit equitable tolling);
<u>Wilson v. Bennett</u>, 188 F. Supp. 2d 347, 354 (S.D.N.Y 2002) ("lack
of legal knowledge cannot excuse a delay in filing a petition.").

CONCLUSION

Accordingly, the Court directs Petitioner to show cause
by written affirmation,[4] within thirty (30) days from entry of this
Memorandum and Order, why the Petition should not be dismissed as
time-barred by the AEDPA's one-year statute of limitations. <u>Day v.</u>
<u>McDonough</u>, 547 U.S. 198, 209 (2006); <u>Acosta v. Artuz</u>, 221 F.3d 117,
124 (2d Cir. 2000). In the affirmation, Petitioner must provide
the date he filed his Petition for a writ of error corum nobis in
state court. In addition, Petitioner should present any facts
which would support equitable tolling of the period of limitations,
if applicable.

No response or answer shall be required at this time from
Respondent and all further proceedings shall be stayed for thirty
(30) days or until Petitioner has complied with this Order. If
Petitioner fails to comply with this Order within the time allowed,
the instant Petition shall be dismissed as time-barred under 28
U.S.C. § 2244(d).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

---

[4] An affirmation form is attached to this Order for Petitioner's
convenience.

Dated:     September __27__, 2011
           Central Islip, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LANCE EDWARDS,

                           Petitioner,         **PETITIONER'S
AFFIRMATION**

      -against-                     **11-CV-3902 (JS)**

ERIC SCHNEIDERMAN,

                            Respondent.
----------------------------------X

      LANCE EDWARDS, appearing <u>pro</u> <u>se</u>, makes the following affirmation under the penalties of perjury:  I am the Petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____.  The instant Petition should not be time-barred by the one-year period of limitation because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH

ADDITIONAL PAGES, IF NECESSARY].

    In view of the foregoing, it is respectfully submitted that

the instant Petition should be permitted to proceed.

DATED: _____      _____

                                Signature & Identification Number

                                _____

                                Address

                                _____

                                _____

                                City, State & Zip Code