```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LAMAR EDWARDS,

                        Petitioner,           MEMORANDUM & ORDER
                                              11-CV-3902(JS)
        -against-

DONNA ZICKEFOOSE, Warden of the Fort
Dix Correctional Facility,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Lamar Edwards, pro se
                    48209-053
                    Fort Dix Federal Correctional Institution
                    Inmate Mail/Parcels
                    P.O. Box 2000
                    Fort Dix, NJ 08640

For Respondent:     Cristin N. Connell, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

On July 25, 2011, pro se Petitioner Lamar Edwards ("Petitioner") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the Court is: (1) Respondent's[1] motion to dismiss the Petition as

---

[1] The Petition lists "Warden H.L. Hufford" of the Schuylkill Federal Correctional Institution and "D.A. State of New York," as Respondents in this action. However, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (alteration in original) (quoting 28 U.S.C. § 2242). Since Petitioner is in the custody of Fort Dix, the proper Respondent is Donna Zickefoose, the Warden of the Fort Dix Correctional Facility, as reflected in

untimely and (2) Petitioner's motion for a default judgment. For the reasons set forth below, Respondent's motion to dismiss is GRANTED, and Petitioner's motion for default judgment is DENIED.

BACKGROUND

On or about January 10, 1990, Petitioner was arrested and charged with criminal sale of a controlled substance in the third degree in violation of N.Y. PENAL LAW § 220.39(1) and criminal possession of a controlled substance in the third degree in violation of N.Y. PENAL LAW § 220.16(1). (Resp't Aff. ¶ 5.) On March 21, 1990, in accordance with a negotiated plea agreement in which he waived his right to appeal, Petitioner pled guilty to one count of criminal sale of a controlled substance in the fourth degree in satisfaction of all charges against him. (Pet. ¶ 2; Resp't Aff. ¶ 6; Sentencing Mins., Docket Entry 6-5, at 30-33.) On May 1, 1990, Petitioner was sentenced by Nassau County Court Judge Edward A. Baker to an indeterminate term of imprisonment of three to six years. (Pet. ¶ 3; Sentencing Mins., Docket Entry 6-5, at 33.) Petitioner served his time and was released.

On or around April 11, 2007, Petitioner was arrested after being indicted by a federal grand jury in the Eastern

---

the caption herein. Thus, the Clerk of the Court is directed to modify the docket accordingly.

District of New York.  On February 15, 2008, Petitioner pled guilty to Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and on October 10, 2008, Judge Arthur D. Spatt sentenced Petitioner to a term of imprisonment of 188 months.  See United States v. Powell, 07-CR-0287 (E.D.N.Y.).  Plaintiff is currently serving this sentence.

On April 15, 2010, Petitioner filed an application for a writ of error coram nobis in the County Court, Nassau County challenging his 1990 state court conviction on the grounds that: (i) he received ineffective assistance of counsel and (ii) the court, during his plea allocution, failed to advise him of the charges against him or adequately determine whether he understood the proceeding and the nature of the charges in violation of his right to due process.  (State Pet. for Writ of Error Coram Nobis, Docket Entry 6-5, at 15; Gov't Aff. in Opp. to Mot. to Vacate, Docket Entry 6-5, at 40.)  In his application, Petitioner stated that he was seeking to have his state court conviction vacated because it "had an adverse effect on the execution and calculation of the petitioner's now served federal sentence."  (State Pet. for Writ of Error Coram Nobis, Docket Entry 6-5, at 13.)  The state court interpreted Plaintiff's application for a writ of error coram nobis as a motion to vacate his judgment of conviction under N.Y. CRIM. PROC.

3

LAW § 440.10 and, on October 21, 2010, denied the motion as procedurally barred and without evidentiary support. People v. Edwards, S.C.I. No. 74240N-90 (Cnty. Ct., Nassau Cnty. Oct. 21, 2010). (Docket Entry 6-5, at 47-48.) Petitioner appealed to the Appellate Division, Second Department and, by Decision and Order dated March 4, 2011, the Appellate Division dismissed the appeal. People v. Edwards, No. 2010-11193 (App. Div. 2d Dep't Mar. 4, 2011). (Docket Entry 6-5, at 50.)

On July 25, 2011, Petitioner filed the instant application for a writ of habeas corpus[2] in the United States District Court for the Middle District of Pennsylvania seeking relief from his 1990 state court conviction on the grounds that: (i) he received ineffective assistance of counsel; (ii) his due process rights were violated; and (iii) the County Court, Nassau County wrongfully re-characterized his writ of error coram nobis of April 15, 2010 as a motion to vacate pursuant to N.Y. CRIM. PROC. LAW § 440.10. (Pet. ¶¶ 12, 13.) The Petition was transferred to this Court pursuant to 28 U.S.C. § 1404(a) on July 28, 2011. (See Order, Docket Entry 6-4.)

---

[2] The Court notes that Petitioner included with his § 2254 Petition a separate "Motion Pursuant to the All Writs Act, 28 U.S.C. § 1615" for a "Writ of Error Coram Nobis, to correct an error of law that occurred in the state court proceedings." (Docket Entry 6-5, at 1.) Since a federal district court lacks jurisdiction to grant a writ of error coram nobis with respect to a judgment of a state court, see Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006), the Court will construe this as Petitioner's support for his § 2254 Petition.

4

DISCUSSION

Presently pending before the Court is Respondent's motion to dismiss the Petition as time-barred and Petitioner's cross motion for a default judgment.

I.  Motion to Dismiss

The Respondent argues that the Petition must be dismissed as untimely.  The Court agrees.

   A.  Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on commencing a federal habeas petition.  28 U.S.C. § 2244(d)(1). The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[3]  "Prisoners like [Petitioner], whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997."  Smith v. McGinnis, 208 F.3d 15, 15 (2d Cir. 2000).

Here, Petitioner's conviction became final on or about June 1, 1991, upon expiration of the time to file a notice of

---

[3] Under 28 U.S.C. § 2244(d)(1)(B)-(D), other events might trigger the limitations period.  But none of those events are relevant here.

appeal. See N.Y. CRIM. PROC. LAW § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). However, he did not file the instant Petition until July 25, 2011--over fourteen years after the grace period expired. As such, the Petition is untimely unless Petitioner can establish that the limitations period was tolled.

B. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2); Bennett v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999) (holding that "AEDPA's pending-state-petition tolling provision does apply to a petition challenging a pre-AEDPA conviction"), aff'd, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The post-conviction proceeding, however, does not restart the one-year period; rather, section 2244(d)(2) merely excludes the time a post-conviction motion is pending from the calculation of the one-year period of limitation. See Smith, 208 F.3d at 17. "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett, 199 F.3d at 120; see also Carey

v. Saffold, 536 U.S. 214, 219-21, 12 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

Accordingly, the statute of limitations was tolled between April 15, 2010 and October 21, 2010, while his application for a "writ of error coram nobis" was pending in state court. (Gov't Aff. in Opp. to Mot. to Vacate, Docket Entry 6-5, at 40.) People v. Edwards, S.C.I. No. 74240N-90 (Cnty. Ct., Nassau Cnty. Oct. 21, 2010). (Docket Entry 6-5, at 47-48.) However, notwithstanding the statutory tolling, the Petition was still filed almost fourteen years after the grace period expired on April 24, 1997.

B. Equitable Tolling

The limitations period may also be equitably tolled. See Holland v. Florida, --- U.S. ----, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). Equitable tolling is available if the petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17.

Here, Petitioner argues that his Petition should not be dismissed as time-barred because he filed it within one-year of the resolution of his state court application for relief. However, as the Court previously stated, the filing and resolution of a corum nobis petition "does not reset the date

7

from which the one-year statute of limitations begins to run." See Smith, 208 F.3d at 17. "If the one-period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court." Id.

A review of the record and Petitioner's filings does not indicate any other circumstances which would warrant tolling. Accordingly, he is not entitled to equitable tolling, and his Petition must be dismissed as time-barred.

II. Motion for Default Judgment

Petitioner asks the Court to enter default judgment on his Petition on the ground that Respondent's answer to the Petition was untimely. However, not only was the Respondent's answer timely (see Electronic Order, Dec. 19, 2011 (extending Respondent's time to answer the Petition to February 9, 2012)), but habeas corpus petitioners are not entitled to default judgments. Rather, a court may grant a habeas petition only when it is satisfied of its merits. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) ("[W]ere district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the

costly process of retrying them.") Accordingly, Petitioner's motion for a default judgment must be denied.

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED, Petitioner's motion for a default judgment is DENIED, and the Petition is DISMISSED as time-barred. Because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability. See 28 U.S.C. § 2253(c); Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to change the caption to reflect Donna Zickefoose, Warden of the Fort Dix Correctional Facility, as Respondent; mail a copy of this Memorandum and Order to the pro se Petitioner; and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: June 15, 2012
       Central Islip, New York